**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ADRIAN GARCIA RANGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:09-CV-071 |
| ) | |
| THOMAS SCHMIDT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion to Dismiss and Memorandum in Support of Motion to Dismiss by Indiana Wesleyan University, filed by Defendant, Indiana Wesleyan University, on June 4, 2009 [DE #40]; (2) Motion to Dismiss and Memorandum in Support of Motion to Dismiss by Schuyler Avenue Wesleyan Church, filed by Defendant, Schuyler Avenue Wesleyan Church, on June 8, 2009 [DE #41]; motion for dismissal submitted in the form of a letter by Defendants, Joseph and Nancy Park, on July 9, 2009 [DE #58]; and Motion for Court to Rule on Defendant Schuyler's Motion to Dismiss, filed by Defendant, Schuyler Avenue Wesleyan Church, on November 30, 2009 [DE #100]. For the reasons set forth below, the Court hereby makes the following rulings. The Motion to Dismiss filed by Defendant Indiana Wesleyan University [DE #40] is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Indiana Wesleyan University. The Motion to Dismiss filed by Defendant Schuyler Avenue Wesleyan Church [DE #41] is **GRANTED**.

The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant, Schuyler Avenue Wesleyan Church. The motion for dismissal filed by Defendants Joseph and Nancy Park [DE #58] is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendants, Joseph Park and Nancy Park. The Motion for the Court to Rule [DE #100] is **DENIED AS MOOT**. The Court notes that the claims against Defendants, Thomas Schmidt, the Northern Michigan District of the Wesleyan Church, Denise Schmidt, Steven Emery, Wesleyan Church Indiana Central District, Wesleyan Church US, and Evergreen Wesleyan Church, **REMAIN PENDING**.

BACKGROUND

Pro se Plaintiff, Adrian Garcia Rangel, filed his complaint against multiple defendants, including Defendants, Indiana Wesleyan University ("IWU"), Schuyler Avenue Wesleyan Church, Joseph Park, and Nancy Park, on March 23, 2009. Although the complaint is not set forth in standard paragraph fashion, it generally seeks to assert claims for intentional infliction of emotional distress, defamation, liable, slander, fraud, and other undefined negligent acts.

The complaint asserts that on September 25, 2005, Rangel was married by Reverend Thomas Schmidt to Thomas Schmidt's daughter, Janelle Elaine Schmidt, at the Schuyler Avenue Wesleyan Church (Compl., p. 1.) Schmidt and his wife made the preparations for the

2

wedding. (*Id.*) The complaint asserts that Schmidt was on the Board of Trustees at IWU. (Compl., p. 2.) In attendance at the wedding were Janelle's alleged godparents, Joseph Park and his wife Nancy Park. (*Id.*) In a nutshell, Rangel claims the Defendants failed to warn him before the wedding that Janelle "was dependent on behaviour [sic.] controlling medication in order to control her wide ranging violent behavior" and he was "used as a sort of human sperm bank for Janelle's pregnancies." (Compl., p. 2.)

IWU has filed the instant motion to dismiss, arguing that IWU cannot be liable for the act of a member of the board of trustees. Schuyler Avenue Wesleyan Church also filed a motion to dismiss, arguing that Rangel has failed to state a claim against the church because the marriage ceremony merely took place there. Finally, Joseph and Nancy Park filed a motion to dismiss, stating they are not Janelle's godparents, and they had no prior knowledge before the wedding of Janelle being violent or taking medication. (DE #58.)

This Court granted Rangel an extension of time in which to file responses to the three present motions to dismiss. Rangel failed to file any responses, so in an abundance of caution, this Court entered an order on December 1, 2009, informing Rangel that failure to file a response to the motions on or before December 15, 2009, could result in the Court summarily ruling on the motions to dismiss. To date, Rangel has filed no responses.

3

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that he does not plan to prove an essential element of his case. *Id.*

This Court acknowledges that Rangel was granted additional

time to file his responses to these motions. Additionally, the Court provided Rangel with notice that he needed to respond to the motions, and advised him of the consequences of not responding. Rangel still failed to file responses. The Court realizes that Rangel is a pro se Plaintiff and recognizes that pro se Plaintiffs need not be held to the same standard as counseled litigants. *See Glick v. Gutbrod*, 782 F.2d 754, 755 n.1 (7th Cir. 1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). Nevertheless, it is not this Court's obligation to do Rangel's research or make arguments for him. *United States v. Smith*, 26 F.3d 739, 743 (7th Cir. 1994) (courts need not research and construct legal arguments for parties).

Due to the fact that the instant motions are unopposed, the Court hereby summarily **GRANTS** the motions to dismiss and **DISMISSES** Plaintiff's claims against Defendants IWU, Schuyler Avenue Wesleyan Church, and Joseph and Nancy Park. *See* N.D. Ind. L.R. 7.1(a) (explaining "[f]ailure to file a response or reply within the time prescribed may subject the motion to summary ruling."); *see also Walker v. Litscher*, No. 02-C-135-C, 2002 WL 32349397, at *2 (W.D. Wis. Aug. 27, 2002) (dismissing a prisoner's Eighth Amendment claim after plaintiff failed to oppose the motion); *Niebur v. Town of Cicero*, 90 F. Supp. 2d 930, 931-32 (N.D. Ill. 2000) (dismissing state law claim accompanying claims brought under section 1983 because plaintiffs did not oppose the motion to dismiss these

5

claims); *Koselke v. Chicago Heights Glass, Inc.*, No. 97 C 4588, 1997 WL 583087, at *1 (N.D. Ill. Sept. 12, 1997) (noting district court previously granted an unopposed motion to dismiss the complaint under Rule 12(b)(6) after ordering plaintiff to respond); *Shell Oil Co. v. Avar Corp.*, No. 97 C 4479, 1997 WL 779054, at *1 (N.D. Ill. Dec. 12, 1997) (noting a previous motion to dismiss was granted because it was unopposed); *EEOC v. Kim & Ted, Inc.*, No. 95 C 1151, 1996 WL 48581, at *3 n.1 (N.D. Ill. Feb. 2, 1996) (noting district court previously granted an unopposed motion to dismiss a named defendant).

Even if this Court were to consider the instant motions on their merits, the Court would still dismiss Rangel's claims against IWU, Schuyler Avenue Wesleyan Church, and Joseph and Nancy Park. As to Defendant IWU, its only connection to the complaint is that Schmidt was on the Board of Trustees of IWU. The trustees of IWU are akin to corporate directors, and in Indiana, the board of directors are general agents for a corporation, subject to those same laws. *See Cox v. Baltimore & O.S.W.R. Co.*, 103 N.E. 337 (1919); *Winkler v. V.G., Reed & Sons, Inc.*, 638 N.E.2d 1228, 1232 (Ind. 1994) ("[a]lthough a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts."). A corporate principal may be vicariously liable for the wrongful acts of its agents under actual authority, apparent authority, or respondeat

6

superior.  *See Pippenger v. McQuik's Oilube, Inc.*, 854 F. Supp. 1411, 1421 (S.D. Ind. 1994).  Here, Rangel does not claim that IWU expressly authorized Thomas to perform premarital counseling, prepare for the wedding, marry Janelle and Rangel, fail to warn Rangel of Janelle's alleged background, allegedly attempt to gain custody of the children, or allegedly defame, libel, or slander Rangel.  (Compl., pp. 1-2.)  Additionally, although a corporation may be vicariously responsible for the acts of its agents when the acts are: (1) related to and committed within the course of employment; (2) committed in furtherance of the corporation; and (3) authorized or subsequently acquiesced in by the corporation, *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1306 (7th Cir. 1987), nothing in the complaint alleges or indicates that Schmidt's actions were committed in the scope of his employment, or for the benefit of IWU, or authorized by IWU.  Rather, the actions complained of (marrying Janelle and Rangel, and interacting with his daughter's marriage) seem to be of a personal, family relationship, and have nothing to do with IWU.

As to Defendant Schuyler Avenue Wesleyan Church, dismissal is also appropriate.  The only connection the church has to the complaint is that the actual marriage ceremony took place at Schuyler Avenue Wesleyan Church.  However, there are no independent allegations against the church, and this Court is aware of no legal theory to hold the church liable for the allegations set forth in

7

the complaint.

Finally, as to Defendants Joseph Park and Nancy Park, they are alleged to be Janelle's godparents, have attended the wedding, and failed to warn or help Rangel with Janelle's alleged violent behavior. These allegations set forth no claim for which Rangel could be entitled to relief.

CONCLUSION

The Motion to Dismiss filed by Defendant, Indiana Wesleyan University [DE #40] is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Indiana Wesleyan University. The Motion to Dismiss filed by Defendant, Schuyler Avenue Wesleyan Church [DE #41] is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant, Schuyler Avenue Wesleyan Church. The motion for dismissal filed by Defendants, Joseph and Nancy Park [DE #58] is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendants, Joseph Park and Nancy Park. The Motion for The Court to Rule [DE #100] is **DENIED AS MOOT**. The Court notes that the claims against Defendants, Thomas Schmidt, the Northern Michigan District of the Wesleyan Church, Denise Schmidt, Steven Emery, Wesleyan Church Indiana Central District, Wesleyan Church US, and Evergreen Wesleyan Church, **REMAIN PENDING.**

8

**DATED: December 16, 2009**        **/s/ RUDY LOZANO, Judge**
                                    **United States District Court**