# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ADRIAN GARCIA RANGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:09-CV-071 |
| | ) |
| THOMAS SCHMIDT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Defendant, Evergreen Wesleyan Church's Motion to Dismiss, filed by Defendant, Evergeen Wesleyan Church, on March 31, 2010 (DE #114); and the Motion to Strike Evergreen Wesleyan Church's Motion to Dismiss, filed by pro se Plaintiff, Adrian Rangel, on April 5, 2010 (DE #119). For the reasons set forth below, the Motion to Dismiss, construed by this Court as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** the claims against Defendant, Evergreen Wesleyan Church. Additionally, the Motion to Strike is **DENIED**. The Court notes that the claims against the remaining defendants **REMAIN PENDING.**

BACKGROUND

Pro se Plaintiff, Adrian Garcia Rangel, filed his complaint

against multiple defendants, including Defendant, Evergreen Wesleyan Church, on March 23, 2009. Although the complaint is not set forth in standard paragraph fashion, it generally seeks to assert claims for intentional infliction of emotional distress, defamation, liable, slander, fraud, and other undefined negligent acts.

The complaint asserts that on September 25, 2005, Rangel was married by Reverend Thomas Schmidt to Thomas Schmidt's daughter, Janell Alane Schmidt, at the Schuyler Avenue Wesleyan Church. (Compl., p. 1.) In attendance at the wedding were Janelle's alleged godparents, Joseph Park and his wife Nancy Park. (Compl., p. 2.) The complaint alleges that Joseph Park is Pastor of Evergreen Wesleyan Church in Lafayette, Indiana. (Compl., p. 2.) There is no other mention of Evergreen Wesleyan Church in the complaint. In a nutshell, Rangel claims the Defendants failed to warn him before the wedding that Janell "was dependent on behaviour [sic.] controlling medication in order to control her wide ranging violent behavior" and he was "used as a sort of human sperm bank for Janell's pregnancies." (Compl., p. 2.)

Defendant, Evergreen Wesleyan Church, filed the instant motion to dismiss on March 31, 2010. Rangel filed a motion for an enlargement of time to respond to the motion to dismiss, and his motion was granted in an order dated April 7, 2010 (DE #122). Rangel was granted up to May 7, 2010, in which to file his

response. To date, no response has been filed by Rangel.

DISCUSSION

Motion to Dismiss

Evergreen Wesleyan Church filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. However, Evergreen Wesleyan Church previously filed an answer in this case on September 3, 2009. Technically, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted. *See* Fed. R. Civ. P. 12(b); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). As the Court in *Westcott* held:

> [S]ince Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted" may be advanced in a motion for judgment on the pleadings under Rule 12(c), we will treat the [defendant's] motion as if it had been styled a 12(c) motion.

*Id.* Similarly, this Court shall treat the instant motion to dismiss as a motion for judgment on the pleadings under Rule 12(c). This distinction is purely formal, as we review this 12(c) motion under the same standards governing 12(b)(6) motions.

A motion for judgment on the pleadings under Rule 12(c) "is reviewed under the same standard as a motion to dismiss under 12(b); the motion is not granted unless it appears beyond doubt that the plaintiff can prove no facts sufficient to support his

3

claim for relief, and the facts in the complaint are viewed in the light most favorable to the non-moving party." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997) (citations omitted); *see also Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). In ruling on a motion for judgment on the pleadings, the Court must accept as true "all well-pleaded allegations" and view them in the light most favorable to the non-moving party, as well as accept as true all reasonable inferences to be drawn from the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000); *see also Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A court may rule on a judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone, which include the complaint, the answer, and any written instruments attached as exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).

As noted earlier, despite being granted an extension of time to respond to this motion, Rangel has failed to file a response. The Court acknowledges that Rangel is a pro se Plaintiff and recognizes that pro se Plaintiffs need not be held to the same standard as counseled litigants. *See Glick v. Gutbrod*, 782 F.2d 754, 755 n.1 (7th Cir. 1986) (stating pro se litigant's briefs may be held to a lower standard than those prepared by counsel). However, it is not this Court's obligation to do Rangel's research or make arguments for him. *United States v. Smith*, 26 F.3d 739,

743 (7th Cir. 1994) (courts need not research and construct legal arguments for parties).

Due to the fact that the instant motion is unopposed, the Court hereby summarily **GRANTS** the motion and **DISMISSES** Plaintiff's claims against Defendant, Evergreen Wesleyan Church. *See* N.D. Ind. L.R. 7.1(a) (explaining "[f]ailure to file a response or reply within the time prescribed may subject the motion to summary ruling."); *see also Walker v. Litscher*, No. 02-C-135-C, 2002 WL 32349397, at *2 (W.D. Wis. Aug. 27, 2002) (dismissing a prisoner's Eighth Amendment claim after plaintiff failed to oppose the motion); *Niebur v. Town of Cicero*, 90 F. Supp. 2d 930, 931-32 (N.D. Ill. 2000) (dismissing state law claim accompanying claims brought under section 1983 because plaintiffs did not oppose the motion to dismiss these claims); *Koselke v. Chicago Heights Glass, Inc.*, No. 97 C 4588, 1997 WL 583087, at *1 (N.D. Ill. Sept. 12, 1997) (noting district court previously granted an unopposed motion to dismiss the complaint under Rule 12(b)(6) after ordering plaintiff to respond); *Shell Oil Co. v. Avar Corp.*, No. 97 C 4479, 1997 WL 779054, at *1 (N.D. Ill. Dec. 12, 1997) (noting a previous motion to dismiss was granted because it was unopposed); *EEOC v. Kim & Ted, Inc.*, No. 95 C 1151, 1996 WL 48581, at *3 n.1 (N.D. Ill. Feb. 2, 1996) (noting district court previously granted an unopposed motion to dismiss a named defendant).

Even if this Court were to consider the instant motion on its

merits, the Court would still dismiss Plaintiff's claims against Evergreen Wesleyan Church. Evergreen Wesleyan Church puts forth three arguments in support of its motion to dismiss: (1) Rangel's negligence claim is barred by the statute of limitations; (2) Rangel's claims are barred by the rules of agency and respondeat superior; and (3) Rangel's fraud claim does not meet the enhanced pleading requirements of Rule 9(b). Each argument will be addressed *in seriatum*.

First, Evergreen Wesleyan Church argues that Plaintiff's negligence claim is barred by the statute of limitations. Rangel was married on September 25, 2005. (Compl., p. 1.) Thus, Rangel's claims relating to this marriage and the failure of defendants to warn him before the wedding day (Compl., p. 2), all relate to acts that took place either before, or on September 25, 2005. In this case, the statute of limitations found in Ind. Code § 34-11-2-4 provides that an action for "injury to person or character," and "injury to personal property," must be commenced within 2 years after the cause of action accrues. Thus, to the extent Rangel seeks recovery for injury to person, character, or personal property, this claim is barred by the statute of limitations.

Second, Evergreen Wesleyan Church argues that Rangel's claim is barred by the rules of agency and respondeat superior. On December 16, 2009, this Court issued an opinion and order dismissing Defendant Joseph Park from this action. The only

substantive mention of Evergreen Wesleyan Church in the complaint is that "Joseph Park is Pastor of Evergreen Wesleyan Church in Lafayette, Indiana." (Compl., p. 2.) Thus the complaint seems to seek relief from Evergreen Wesleyan Church, as principal of its Pastor, Joseph Park. As noted by Defendant, the general rule is that a principal is liable to third persons for torts or other wrongful acts committed by the agent while acting within the course and scope of the agent's employment. *Mendenhall v. Stewart*, 47 N.E. 943 (Ind. Ct. App. 1897). Because Pastor Joseph Park has been dismissed from this action, and no other basis for liability has been alleged as to Evergreen Wesleyan Church, the Church should also be dismissed.

Finally, Evergreen Wesleyan Church argues to the extent the complaint alleges fraud, Rangel fails to meet the enhanced pleading requirements of Federal Rule of Civil Procedure 9(b). Under Rule 9(b), a plaintiff must state with particularity in alleging "fraud or mistake." Fed. R. Civ. P. 9(b). The circumstances of fraud or mistake include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (quotation omitted); *see also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (describing Rule 9(b) particulartiy as the

7

"who, what, when, where, and how: the first paragraph of any newspaper story"). The only factual allegation in the complaint is that Pastor Joseph Park attended the wedding. Rangel fails to set forth the time, place, or any of the details about the alleged fraudulent conduct. As such, to the extent the complaint alleges fraud, it is dismissed against Defendant, Evergreen Wesleyan Church.

Motion to Strike

Rangel filed a motion to strike Evergreen Wesleyan Church's motion to dismiss (DE #119). He argues the motion to dismiss is improper because: (1) Evergreen Wesleyan Church did not ask for an enlargement of time to file; (2) Evergreen Wesleyan Church's prior motion to dismiss was stricken, so the current one is moot; and (3) per docket entry 101, no more extensions of time to file were granted. First, as discussed earlier, Evergreen Wesleyan Church did not need to file an extension of time to file this motion, as it has been treated as a motion for judgment on the pleadings under Rule 12(c). Second, the previous ruling of the Court (that Joseph and Nancy Park may not file a motion to dismiss on behalf of Evergreen Wesleyan Church), has no impact on the present motion because Evergreen Wesleyan Church went on to obtain counsel and properly file the present motion. Finally, docket entry number 101 is an order warning the Plaintiff that he would not be granted any

8

more extensions of time to file responses to other motions to dismiss in this case; again, this ruling is unrelated to the present motion to dismiss.  Consequently, the motion to strike is **DENIED**.

CONCLUSION

For the aforementioned reasons, Defendant, Evergreen Wesleyan Church's Motion to Dismiss, construed by this Court as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** the claims against Defendant, Evergreen Wesleyan Church.  Additionally, the Motion to Strike is **DENIED**.  The Court notes that the claims against the remaining defendants **REMAIN PENDING**.

**DATED: May 12, 2010**                    /s/ RUDY LOZANO, Judge
                                           **United States District Court**