## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| ADRIAN GARCIA RANGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:09-CV-071 |
| | ) |
| THOMAS SCHMIDT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) Defendant Wesleyan Church Corporation's Motion for Summary Judgment, filed by Defendant, The Wesleyan Church Corporation, on March 14, 2011 (DE #326); (2) The Wesleyan Church Corporation's Motion to Strike Portions of the Affidavit of Adrian Rangel, filed by Defendant, The Wesleyan Church Corporation, on April 15, 2011 (DE #343); (3) "Motion to Strike 'Exhibit Plaintiff's Representation' (letter) from - The Wesleyan Church Corporation's Motion to Strike Portions of the Affidavit of Adrian Rangel," filed by Plaintiff, Adrian Rangel, on April 19, 2011 (DE #354); (4) The Wesleyan Church Corporation's Motion to Strike "Clarified Affidavit" of Adrian Rangel, filed by Defendant, The Wesleyan Church Corporation, on April 29, 2011 (DE #365); (5) Motion for Admissions of Fact, filed by Plaintiff, Adrian Rangel, on May 18, 2011 (DE #380); and (6) Motion for Contempt of Court Against the Wesleyan Church

Corporation, filed by Plaintiff, Adrian Rangel, on June 9, 2011 (DE #386).  As explained in more further detail below, it is **HEREBY ORDERED**: (1)  Defendant Wesleyan Church Corporation's Motion for Summary Judgment (DE #326) is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant, The Wesleyan Church Corporation. (2) The Wesleyan Church Corporation's Motion to Strike Portions of the Affidavit of Adrian Rangel (DE #343) is **GRANTED** and the Clerk is **ORDERED** to Strike paragraphs 21–33 of Plaintiff's Affidavit submitted as part of his response to the Wesleyan Church Corporation's Motion for Summary Judgment (DE #340, Ex. 1).  (3) The "Motion to Strike 'Exhibit Plaintiff's Representation' (letter) from the Wesleyan Church Corporation's Motion to Strike Portions of the Affidavit of Adrian Rangel" (DE #354) is **DENIED**.  (4) The Wesleyan Church Corporation's Motion to Strike "Clarified Affidavit" of Adrian Rangel (DE #365) is **DENIED**. (5) The Motion for Admissions of Fact (DE #380) is **DENIED**.  (6) The Motion for Contempt of Court Against the Wesleyan Church Corporation (DE #386) is **DENIED**.

The Court notes that there is another motion for summary judgment pending (filed by Defendants, Thomas Schmidt, Denise Schmidt, and The Northern Michigan District of the Wesleyan Church (DE #331)), as well as other motions associated with that motion for summary judgment.  The Court will address those motions in a separate order to be forthcoming.

BACKGROUND

Pro se Plaintiff, Adrian Garcia Rangel, filed his complaint against multiple defendants, including one titled "Wesleyan Church, US," (which was not the correct name), on March 23, 2009. On January 28, 2010, during a telephonic pretrial conference held before Magistrate Judge Paul R. Cherry, the Court granted an oral motion to amend the caption and complaint by inter-lineation to reflect the Defendant's proper name - The Wesleyan Church Corporation. (*See* DE #109.) There was no objection to this motion by Plaintiff.

The complaint is not set forth in standard paragraph fashion. The complaint asserts that on September 25, 2005, Rangel was married by Reverend Thomas Schmidt to Thomas Schmidt's daughter, Janell Elaine Schmidt, at the Schuyler Avenue Wesleyan Church. (Compl., p. 1.) It also alleges that before the marriage, Reverend Schmidt participated in premarital counseling with Rangel and Janell. *Id.* Rangel claims the Defendants failed to warn him before the wedding that Janell "was dependent on behaviour [sic.] controlling medication in order to control her wide ranging violent behaviour [sic.]" and he was "used as a sort of human sperm bank for Janell's pregnancies." (*Id.*, p. 2.) The complaint further alleges that by failing to warn Plaintiff of Janell's medication needs and violent behavior, "the defendants in individual and official capacities (the institutional defendants in failing to

3

supervise) have committed fraud . . ." *Id.* The body of the complaint does not refer to either "Wesleyan Church, USA" or "The Wesleyan Church Corporation." Plaintiff also asserts that Reverend Schmidt and his daughter, Janell, libeled or slandered Rangel in communication with the Indiana and Michigan Departments of Child Services when they tried to gain custody of Plaintiff's children. *Id.*

Defendant, The Wesleyan Church Corporation, filed the instant motion for summary judgment on March 14, 2011, arguing there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law on the issues contained in Plaintiff's complaint. Specifically, The Wesleyan Church Corporation contends that: (1) Plaintiff's claims for negligent counseling or alleged failure to supervise are time barred; (2) the claim of failure to supervise against The Wesleyan Church Corporation fails because it is not the employer of Reverend Schmidt; (3) any claim of fraud against The Wesleyan Church Corporation fails as a matter of law; and (4) Plaintiff's claims of libel or slander fail to state a claim against The Wesleyan Church Corporation. Plaintiff filed a response in opposition on April 1, 2011[1], and a reply was filed on

---

[1]Because Plaintiff is pro se, on March 15, 2011, this Court provided him with notice of the consequences of failing to properly respond to a summary judgment motion pursuant to *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). (DE #329.) Later that same day, Defendant also provided Plaintiff with the requisite notice of summary judgment. (DE #330.)

April 15, 2011.  Therefore, this motion is fully briefed and ripe for adjudication.

The Wesleyan Church Corporation also filed a motion to strike portions of Rangel's affidavit (DE #343), arguing that paragraphs 21 through 32 of Rangel's affidavit contain inadmissible conclusions unsupported by competent evidence.  In response, Rangel agreed, and "requests that all his miscommunicated paragraphs in the previous Affidavit and highlighted by the Defendants . . . be dismissed as harmless error as Plaintiff is pro se and not a trained attorney or expert in legalese." (DE #350, p. 1.)  As such, the motion to strike (DE #343) is **GRANTED** and the Clerk is **ORDERED** to Strike paragraphs 21-33 of Plaintiff's Affidavit submitted as part of his response to the Wesleyan Church Corporation's Motion for Summary Judgment (DE #340, Ex. 1).

Plaintiff then submitted what he refers to as a "Clarified Affidavit." (DE #350, pp. 3-7.)  Defendants filed another motion to strike (DE #365), this time arguing that the "clarified affidavit" is untimely, and even if considered, creates no issue of fact.  This motion will be addressed in the body of this decision.

Rangel also filed a motion to strike a letter he filed with the Tippecanoe Superior Court on January 2, 2008 (DE #354; letter attached as Ex. B to The Wesleyan Church Corporation's Motion to Strike (DE #343)).  Rangel then filed a Motion for Admissions of Fact, requesting that the Court find as fact that the Wesleyan

5

Church Corporation did not provide any training or supervision of the Defendants. (DE #380.) Finally, Plaintiff filed a Motion for Contempt of Court against The Wesleyan Church Corporation, arguing it is misleading for the Defendants to deny that it was the employer of Thomas Schmidt and Denise Schmidt (his wife), and misleading to claim it did not train or supervise Thomas Schmidt and Denise Schmidt. (DE #386.) The Wesleyan Church Corporation objects to each of these motions, and they will be addressed in the body of this decision.


DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De*

6

*Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but must set forth specific facts showing that there is a genuine issue for trial. *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley Cnty. REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at

trial, summary judgment will be appropriate.  In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

It is noteworthy that Rangel is a pro se plaintiff.  However, his pro se status does not relieve him from complying with the procedural rules associated with summary judgment.  *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (requiring pro se plaintiff to strictly comply with Northern District of Illinois Local Rule 56.1); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (explaining that pro se litigants must still comply with procedural rules).


Associated Motions

The Wesleyan Church Corporation has filed a Motion to Strike Plaintiff's "clarified" affidavit, arguing that his deadline for submitting admissible evidence in opposition to the motion for summary judgment was April 12, 2011; therefore, his "clarified" or amended affidavit filed on April 19, 2011 is untimely. "Pleadings that do not conform with the local rules may be stricken at the discretion of the court." *Goltz v. University of Notre Dame du Lac*, 177 F.R.D. 638, 640 (N.D. Ind. 1997) (citing *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990); *Pfeil v.*

8

*Rogers*, 757 F.2d 850, 858 (7th Cir. 1985); *Graham v. Security Sav. & Loan*, 125 F.R.D. 687, 688-89 (N.D. Ind. 1989)). Although The Wesleyan Church Corporation is technically correct that Rangel was ordered to submit admissible evidence in opposition to the motion for summary judgment by April 12, 2011, because Rangel is pro se, and in the interests of justice, the Court will not strike the affidavit as untimely.

More important than timeliness, it is the function of a court, with or without a motion to strike, to review carefully both statements of material facts and statements of genuine issues and the headings contained therein and to eliminate from consideration any argument, conclusions, and assertions unsupported by the documented evidence of record offered in support of the statement. *See, e.g.*, *S.E.C. v. KPMG LLP*, 412 F.Supp.2d 349, 392 (S.D.N.Y. 2006); *Sullivan v. Henry Smid Plumbing & Heating Co., Inc.*, No. 04 C 5167, 05 C 2253, 2006 WL 980740, at *2 n.2 (N.D. Ill. Apr. 10, 2006); *Tibbetts v. RadioShack Corp.*, No. 03 C 2249, 2004 WL 2203418, at *16 (N.D. Ill. Sept. 29, 2004); *Rosado v. Taylor*, 324 F.Supp.2d 917, 920 n.1 (N.D. Ind. 2004). Motions to strike are heavily disfavored, and usually only granted in circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp.2d 690, 695 (N.D. Ind. 2009); *Gaskin v. Sharp Elec. Corp.*, No. 2:05-CV-303, 2007 WL 2228594, at *1 (N.D. Ind. July 30, 2007). This Court can give the "clarified"

affidavit of Rangel the credit to which it is due, without the need to employ a motion to strike. The Court is able to sift through the evidence and to consider each piece under the applicable federal rules, thus there is no need to strike all of Rangel's "clarified" affidavit. Accordingly, the Court denies the motion to strike Rangel's "clarified" affidavit as unnecessary.

Rangel has also moved to strike what he refers to as "Plaintiff's Representation" (letter). (*See* DE #354; letter at DE #343, Ex. B.) The Wesleyan Church Corporation attached this letter as Exhibit B to its Motion to Strike Portions of the Affidavit of Adrian Rangel, and it is a letter which Rangel filed on January 2, 2008, with the Tippecanoe County Court. (DE #343, Ex. B.) Rangel argues, without citing to any authority or case law, that the letter should be stricken because it was "written by the Plaintiff while in a state of duress at the Tippecanoe County Jail and because it was written before Plaintiff was afforded the opportunity to seek the advice of counsel." (DE #354.) In the letter, Rangel writes that Janell told him in September of 2005, when they got married, that "she was on paxil, aderrol [sic.]/the behaviour [sic.] modification drugs." (DE #343, Ex. B.) This evidence directly contradicts Rangel's current assertion that he did not know until 2008 that Janell was taking such drugs. (DE #337, p. 5.) As such, this Court deems it relevant evidence, and because Rangel has provided no legitimate basis to exclude it, the

motion to strike the "Representation (letter)" is **DENIED**.

Rangel has also filed a Motion for Admissions of Fact, asking the Court find that The Wesleyan Church Corporation did not provide any training or supervision of the Defendants (DE #380).  Aside from this request being procedurally inappropriate[2] and untimely at this stage of the proceedings, it mischaracterizes the evidence in the record.  In response to Plaintiff's Request For Production of documents, Defendant answered that, "The Wesleyan Church Corporation does not provide pre-ordination students enrolled in educational institutions with their educational or training materials, and does not maintain copies of such materials provided to students by or through educational institutions.  Accordingly, The Wesleyan Church Corporation is not in possession of the documents requested related to Thomas Schmidt." (Ex. to DE #182.)  Thus, The Wesleyan Church Corporation was simply stating that it does not possess any copies of educational or training materials that may have been provided to Thomas Schmidt.  However, in support of the pending motion for summary judgment, The Wesleyan Church Corporation did submit evidence that supervision of local pastors is the function of Districts, District Conferences and District Boards of Administration, not The Wesleyan Church Corporation.  (DE

---

[2]The request seems to be one for a finding of fact by the Court under Federal Rule of Civil Procedure Rule 52, but because a jury has been requested in this case, it is inappropriate for the Court to rule on a motion for finding a fact.

#328, Ex. A, Affidavit of Ronald Kelly, ¶¶ 4-12, and provisions of *The Discipline*, cited therein.)

Finally, Plaintiff has filed a Motion for Contempt of Court, arguing Defendant misled the Court by arguing it is not the employer of Thomas Schmidt and Denise Schmidt, and that it is wrongfully denying its lack of training and supervision of them. (DE #386.)  This Court has reviewed the documents cited in the motion, and does not agree with Rangel's conclusion that The Wesleyan Church Corporation has purposefully misled the Court.  The motion for contempt is **DENIED**.


Motion For Summary Judgment

    Undisputed Findings of Fact

Pursuant to the relevant rules, The Wesleyan Church Corporation submitted a numbered statement of material facts, contending those material facts are not genuinely disputed. (*See* DE #327.)  However, Plaintiff's response is deficient, despite receiving notice from this Court and Defendant regarding the specifics of responding to a motion for summary judgment. (*See* DE ##329, 330).

Local Rule 56.1 provides that a party opposing summary judgment must file a response brief and "any materials that the party contends raise a genuine dispute." L.R. 56.1(b)(1)(B). Additionally, the response brief or its appendix must specifically

"include a section labeled 'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." L.R. 56.1(b)(2). Finally, this Court's own Guidelines for Briefing Summary Judgment Motions provide that the opposing party's statement of genuine issues should be in the form of numbered paragraphs, each corresponding to the paragraph of the moving party's statement. (Court Guidelines.) "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the 'Statement of Genuine Issues' of the opposing party." *Id.*

Instead of following these established rules, Rangel merely designates a few exhibits - his affidavit and 3 copies of signed releases from the Arnett Clinic. (*See* DE #336.) Rangel fails to address any facts in Defendant's statement of facts that he alleges are in dispute. Indeed, his response contains no argument whatsoever about any genuinely disputed facts which necessitate a trial. Because Plaintiff has not properly disputed any of the facts identified by The Wesleyan Church Corporation in its statement of material facts, and has not set forth any additional facts or evidence (aside from the exhibits he has designated), the Court must take the facts in The Wesleyan Church Corporation's statement as admitted. L.R. 56.1.

Consequently, the following recitation constitutes the

13

undisputed facts of this case.  The internal church law applicable to The Wesleyan Church in North America including its Constitution and church statutory provisions are set forth in The Discipline of The Wesleyan Church.  (Ronald Kelly Affidavit, ¶¶ 2,3, Def.'s Ex. A.)  The Constitution and church law as set forth in The Discipline establishes the organization and government of the Wesleyan Church which is hierarchical in nature with local churches, districts, and national or international organizations.  (*Id.* ¶ 4.)  Pursuant to the Constitution set forth in The Discipline, it is the constitutional right of each local church to call its own pastor, subject to confirmation by the district conference.  (*Id.* ¶ 5.)  Districts elect, ordain, and supervise pastors.  (*Id.* ¶¶ 6, 8.)  The General Conference is the chief governing body of The Wesleyan Church and acts through The General Board of Administration.  (*Id.* ¶ 9.)  The General Board also serves as the board of directors of The Wesleyan Church Corporation.  (*Id.* ¶ 10.)  The Wesleyan Church Corporation carries out the functions of the General Conference including owning, selling, transferring and disposing of property and facilitating the management of the General Conference's legal and corporate affairs.  (*Id.* ¶ 11.)  Neither the General Conference nor The Wesleyan Church Corporation employ or supervise local pastors.  (*Id.* ¶ 12.)  The duties and powers of a pastor as set forth in The Discipline authorize pastors to perform the rite of matrimony, and provide spiritual counseling to those to be married.

14

(*Id.* ¶ 13.)

Defendant, Thomas Schmidt, is the adoptive father of Janell Schmidt - he adopted her at 5 months old.  (Thomas Schmidt Affidavit, ¶ 4, Def.'s Ex. B.)  Thomas Schmidt and his wife raised Janell, and Thomas Schmidt became aware of her medical history in his capacity as her father, not as part of any duties in The Wesleyan Church or as an employee of Schuyler Avenue Wesleyan Church, Inc., or The North Michigan District of the Wesleyan Church, Inc.  (*Id.* ¶ 5.)  Rev. Schmidt served as pastor of the Schuyler Avenue Wesleyan Church, Inc. in Lafayette, Indiana, from August 1989 to August 2005.  (*Id.* ¶ 6.)  As pastor of the Schuyler Avenue Wesleyan Church, Inc., Rev. Schmidt's responsibilities included providing pre-marital counseling to couples who wanted to marry at the church.  (*Id.* ¶ 7.)  At a conference of the North Michigan District of the Wesleyan Church, Inc., in July 2005, Thomas Schmidt was elected by representatives of local churches within that District to the position of Superintendent of the North Michigan District of the Wesleyan Church, Inc.  (*Id.* ¶ 9.)  From August 2005 to date, he has been employed by the North Michigan District of the Wesleyan Church, Inc.  *Id.*

Thomas Schmidt attested in his affidavit that he was not, and is not, an employee of The Wesleyan Church Corporation.  (*Id.* ¶ 9.)  Rangel attaches 3 signed release of information and assignment of insurance forms which he alleges were completed by Thomas Schmidt,

from the Arnett Clinic, regarding treatment of Janell. (DE #340-4, pp. 6-8.) On a very small line on two of the forms, it lists "Insured's Employer" as "Wesleyan Church." *Id.* However, these documents are hearsay, which is "inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); *see also Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003) (inadmissible hearsay statements "will not overcome a motion for summary judgment."). Even if they could be admissible as a business record under Fed. R. Evid. 803(6), "[t]o be admissible as a business record, a document must have sufficient indicia of trustworthiness to be considered reliable." *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). "Normally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the [business] record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records." *Id.* Here, Rangel has simply cited these documents as exhibits. He has made no effort to lay proper foundation for the insurance forms. There is no evidence before this Court (like an affidavit of a person who can speak from personal knowledge about the record and who is qualified to introduce it as evidence at trial), to support a

finding of what these documents really are, who completed them, whose handwriting is on the forms, or that they are reliable. As such, they are inadmissible. Additionally, at page 8 of the same exhibit, on the third insurance information form, the Court notes that the insured's employer is listed as "Schuyler Ave. Wesleyn [sic.] Church" (*Id.*, p. 8), which contradicts Rangel's argument that the forms prove that Thomas Schmidt's employer was The Wesleyan Church Corporation.[3]

In 2005, Plaintiff Rangel began dating Janell Schmidt. (Schmidt Aff. ¶ 8.) In the Summer of 2005, Plaintiff and Janell Schmidt became engaged to be married. (*Id.* ¶ 10.) The wedding was scheduled for September 24, 2005, at the Schuyler Avenue Wesleyan Church in Lafayette, Indiana. *Id.* Prior to September 24, 2005, Plaintiff and Janell participated in pre-marital pastoral counseling provided through the Schuyler Avenue Wesleyan Church. (*Id.* ¶ 10.) This was performed by Thomas Schmidt, as he was the pastor intending to perform the wedding ceremony. (*Id.* ¶ 12.) The purpose of the pre-marital counseling was to prepare the couple for marriage by emphasizing the spiritual values of the Wesleyan Church in marital life, and encouraging commitment and communication. (*Id.* ¶ 14.) On September 24, 2005, Plaintiff and Janell Schmidt

---

[3]Another problem with Plaintiff's argument is that the forms identify the insured's employer as "Wesleyan Church." The forms do not state that Schmidt was employed by "The Wesleyan Church Corporation."

were married at the Schuyler Avenue Wesleyan Church in Lafayette, Indiana. (*Id.* ¶ 17.) Thomas Schmidt, as former pastor of the church, performed the majority of the wedding ceremony, and he signed the marriage certificate. (*Id.* ¶ 18.)

On August 5, 2009, the Indiana Court of Appeals issued its Memorandum Decision in IN RE THE MARRIAGE OF ADRIAN G. RANGEL, Appellant-Petitioner, vs. JANELL RANGEL, Appellee-Respondent. (Def.'s Ex. C.)  On the record before it, the Indiana Court of Appeals noted as relevant the following facts[4]: Adrian and Janell married on September 24, 2005; two children were born, Le.R. on July 12, 2006, and Lu.R., on September 22, 2008; in 2007, as a result of allegations that Le.R. was a child in need of services, Le.R. was removed from Adrian and Janell's care and placed in the custody of Janell's parents, Thomas and Denise Schmidt, who were appointed her guardians on December 7, 2007; on December 30, 2007, Adrian and Janell got into an argument which led to Adrian throwing Janell on the floor and punching her in the head and face; that Janell was hospitalized as a result of her injuries; that Adrian was arrested for domestic battery; and that Janell moved out of the marital residence and into her parents' home in Michigan. (Def.'s

---

[4] Rangel does not challenge these facts (DE #337, p. 3), but the Court notes that he could not because collateral estoppel bars subsequent litigation of a fact or issue which was necessarily adjudicated in a former lawsuit where the same fact or issue is presented in a subsequent lawsuit. *See Bartle v. HealthQuest Realty VII*, 768 N.E.2d 912, 917 (Ind. Ct. App. 2002); *Shell Oil Co. v. Meyer,* 705 N.E.2d 962, 968 (Ind. 1998).

Ex. C.)  Adrian Rangel filed a pro se petition for dissolution of marriage on January 25, 2008, and Janell filed a counter petition for dissolution on February 25, 2008.  (*Id.*, p. 3.)

On March 12, 2007, Adrian Rangel filed a pro se complaint in the U.S. District Court, Northern District of Indiana, Case No. 4:07-CV-0020-AS.  (Def.'s Ex. D.)  In that complaint, he alleged: "Janell and Adrian had many problems with Janell's impulsive behavior.  Adrian did have to call the police a few times to get her under control.  This was only as a last resort and because Adrian was confused as to the cause of Janell's behavior.  Janell's parents and friends left it up to Janell for the most part to disclose any mental impairment problems such as ADHD to Adrian. Which she promptly hid for fear of yet another failed relationship attempt.  As a result of the calls to Police CPS got involved." (Def.'s Ex. D, p. 7.)


### Plaintiff's Claims For Negligent Counseling or Alleged Failure to Supervise Are Time Barred

The Wesleyan Church Corporation argues that to the extent Rangel claims The Wesleyan Church Corporation failed to warn him of Janell's medical history or mental condition, or failed to supervise Reverend Schmidt's premarital counseling, those claims are barred by the statute of limitations.  Indiana Code 34-11-2-4 provides that an action for injury to person or character must be

commenced within two years after the cause of action accrues. The complaint in this case was filed on March 23, 2009. The Wesleyan Church Corporation alleges that Rangel had knowledge of Janell's alleged mental condition and related behavior problems well before March 2007.

Rangel argues in his response that he did not know about Janell's medication needs until he obtained a copy of his wife's medical records, subpoenaed in Spring/Summer of 2008, during his domestic battery case. (DE #337, pp. 4-5.) Additionally, in his "clarified affidavit," he attests that at no time prior to the marriage ceremony, or during the marriage ceremony, or during the marriage, did Janell Schmidt or Thomas Schmidt or Denise Schmidt or the Wesleyan Church Corporation disclose to Rangel her "doctor prescription for Paxil or Janell's suicidal tendencies." (DE #350, ¶¶ 21-32.) And, that he "first gained knowledge of a doctor's prescription putting Janell Schmidt on Paxil as a result of discovery my attorney obtained during my domestic abuse trial in the summer of 2008." (*Id.* ¶ 33.) However, Rangel's assertions do not create a genuine  issue of material fact that necessitate trial. The issue for such a claim is not when Rangel learned that there was a doctor's prescription putting Janell on Paxil. Rather, the statute of limitations begins to run "when a claimant knows or, in the exercise of ordinary diligence, should have known of the injury." *Rieth-Riley Constr. Co., Inc. v. Gibson*, 923 N.E.2d 472,

475 (Ind. Ct. App. 2010) (citation omitted).  The determination of when a cause of action accrues is generally a question of law.  *Id.* (citing *Cooper Indus., LLC v. City of Sound Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009)).

Here, the alleged injury is not Rangel's receipt of a medical record documenting that his wife had taken Paxil; but rather, Rangel's allegation that he would not have married Janell without his knowledge that she was using Paxil.  (*See* DE #337, p. 9 ("The marriage would not have occurred but for the Defendent's [sic] concealment of Janell's violence sedating medicating needs.")) However, on January 2, 2008 (before the alleged subpoena in the Summer of 2008), Rangel himself wrote a letter to the judge of the Tippecanoe Superior Court of Indiana stating, "[i]n Sept. 05 we got married.  At that point she told me she was on aderrol/paxil the behaviour [sic.] modification drugs."  (DE #343, Ex. B.) Additionally, in another case filed in the Northern District of Indiana on Mach 12, 2007 (Cause No. 4:07-CV-0020) (Def.'s Ex. D), Plaintiff alleged that:

> Janell and Adrian had many problems with Janell's impulsive behavior.  Adrian did have to call the police a few times to get her under control.  This was only as a last resort and because Adrian was confused as to the cause of Janell's behavior. Janell's parents and friends left it up to Janell for the most part to disclose any mental impairment problems such as ADHD to Adrian.

Thus, it is obvious that Rangel was alleging more than 2 years prior to the filing of the complaint in this case, that he had been

21

having problems with Janell's behavior, and that she had disclosed to him information about her health and medication.

The Court finds that Rangel knew that Janell had behavioral issues and was taking medication like Paxil well before two years prior to the filing of this action on March 23, 2009. Consequently, any claim against Reverend Schmidt for negligent premarital counseling, or claim against The Wesleyan Church Corporation for failing to supervise Reverend Schmidt (a negligence claim), is barred under Indiana's two year statute of limitations. I.C. 34-11-2-4; *see Scott v. Retz, R.N.*, 916 N.E.2d 252, 257 (Ind. Ct. App. 2009) (finding in Indiana, claim against employer for failure to supervise an employee is "a species of negligence"); *Sims v. Humane Soc. of St. Joseph Cnty. Indiana, Inc.*, 758 F.Supp.2d 737, 750 (N.D. Ind. 2010) (citing *Scott*).

Plaintiff's argument that the statute of limitations is tolled because The Wesleyan Church Corporation fraudulently concealed information is pure speculation, and not supported by any facts in the record. (DE #337, pp. 5-9.) The complaint makes no allegations specifically against The Wesleyan Church Corporation, but vaguely alleges that the "institutional defendants" failed to supervise. Certainly, Rangel does not point to anything in the record to show that The Wesleyan Church Corporation knew about Janell's medical history or the type of medication she took (nor does he even make such allegations in the complaint). Rangel

cannot rely on "self-serving declarations based on nothing more than his own speculation." *Healy v. City of Chicago*, No. 00 C 6030, 2004 WL 1630578, at *6 (N.D. Ill. July 20, 2004); *see also Sybron Transition Corp. v. Security Ins. Co. of Hartford*, 107 F.3d 1250, 1255 (7th Cir. 1997) ("[a] party must present more than mere speculation or conjecture to defeat a summary judgment motion.").

Fraudulent concealment can only apply if there is an active concealment, or where a fiduciary relationship imposes a duty to disclose, that may be enough to toll the statute. *See Farmers Elevator Co. of Oakville v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010). There is no allegation of active concealment or knowledge by The Wesleyan Church Corporation; moreover, Rangel has set forth no argument (much less any citations to case law), to establish a fiduciary duty during pre-marital counseling for a Reverend to disclose medical histories or medications. It is not the Court's responsibility to research and construct the parties' arguments. *Donnelly v. Chicago Park Dist.*, 417 F.Supp.2d 992, 994 (N.D. Ill. 2006) (citing *United States v. McClee*, 436 F.3d 751 (7th Cir. 2006)). As such, Rangel's claim that concealment tolls the statute of limitations fails, and his claims are time barred.

Summary Judgment is Also Warranted For The Claim For Failure to Supervise Because Plaintiff Has Put Forth No Evidence That <u>The Wesleyan Church Corporation is The Employer</u>

Even assuming, *arguendo,* that Rangel's claim for failure to supervise was timely, it still fails because Rangel has not put forth any evidence that The Wesleyan Church Corporation is the employer of Revered Schmidt.  It is axiomatic that for The Wesleyan Church Corporation to have liability as the employer of Revered Schmidt, it must indeed be his employer.  However, The Wesleyan Church Corporation has set forth undisputed facts showing it was never the employer of Revered Schmidt.  As stated earlier in the facts section of this opinion, the laws governing The Wesleyan Church are set forth in The Discipline of the Wesleyan Church.  The organization of the church is hierarchical in nature, with local churches, districts, and national or international organizations. (Kelly Aff., ¶ 4.)  Pastors of local churches are employed by the local church and are under the supervision of Districts of the Wesleyan Church.  (*Id.* ¶¶ 5,6,7,8.)  District Boards of Administration carry out the will of the District Conferences. (*Id.* ¶ 8.) As Superintendent of the North Michigan District, Inc., Thomas Schmidt is employed by that District.  (Schmidt Aff., ¶ 9.) Schmidt attests that he is not, and has never, been an employee of The Wesleyan Church Corporation. *Id.*

The General Conference is the governing body of the Wesleyan Church and it acts through The General Board of Administration. (Kelly Aff., ¶¶ 9,10.)  The General Board also serves as the board of directors of The Wesleyan Church Corporation which carries out

the functions of the General Conference including owning, selling, transferring and disposing of property and facilitating the management of the General Conference's legal and corporate affairs. (Kelly Aff., ¶¶ 10, 11.)  Neither the General Conference nor The Wesleyan Church Corporation employs or supervises local pastors. (Kelly Aff., ¶ 12.)

As mentioned earlier in this opinion, the only evidence Rangel alleges shows Schmidt was employed by The Wesleyan Church Corporation, are the two signed release of information and assignment of insurance forms from the Arnett Clinic, regarding treatment of Janell (DE #340-4, pp. 6-7).  However, these are inadmissible hearsay.  (*See* page 16 of this opinion.)  Even assuming, *arguendo*, that they were admissible, the two forms have written on them that Schmidt's employer was "Wesleyan Church."  *Id.* They do not indicate that he was employed by "The Wesleyan Church Corporation."

In his response, Rangel cites *McClure v. The Salvation Army*, 460 F.2d 553 (5th Cir. 1972), in support of his argument that The Wesleyan Church Corporation employed Rev. Schmidt.  Not only is this Fifth Circuit case not controlling upon this Court, but the facts of that case are entirely different than here.  In *McClure*, the Court was analyzing whether the Salvation Army fit the parameters of an "employer" engaged in an industry affecting commerce, as defined under Title VII of the Civil Rights Act of

25

1964, and whether the plaintiff was an "employee" in that context. In sharp contrast, this is a negligence action.

As such, because there is no evidence whatsoever that The Wesleyan Church Corporation was the employer for Thomas Schmidt, Plaintiff's claims of negligent supervision fail.

### Summary Judgment Is Also Appropriate On The Fraud Claim

The complaint alleges that "[b]y deliberately failing to warn [Plaintiff] of Janells medication needs and associated wide ranging violent behaviour [sic.] the defendants in individual and official capacities (the institutional defendants in failing to supervise) have committed fraud upon [Plaintiff]." (Compl., p. 2.)    To the extent Rangel is trying to state a claim of fraud against The Wesleyan Church Corporation, he has failed.

To sustain an action for fraud, Rangel must allege and show that The Wesleyan Church Corporation made a material misrepresentation of a past or existing fact, which was false, "was made with knowledge or in reckless ignorance of the falsity," was relied upon by Rangel, and proximately caused Rangel's injury. *First Bank of Whiting v. Schuyler*, 692 N.E.2d 1370, 1372 (Ind. Ct. App. 1998).  As pointed out by Defendant, among other problems, the complaint glaringly fails to allege any representation made by The Wesleyan Church Corporation.  As such, the Wesleyan Church goes on to argue that Rangel has also failed to show constructive fraud.

Rangel fails to address this claim for fraud (or constructive fraud) in his response; therefore, it has been waived.  It is well established that when a party fails to respond to an issue raised in a summary judgment motion, the issue is deemed abandoned and waived.  *See, e.g., Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (holding claims not addressed in a summary judgment opposition brief are deemed abandoned); *Laborers Int'l Union of North America v. Caruso* , 197 F.3d 1195, 1197 (7th Cir. 1999) (stating arguments not presented to the court in response to a summary judgment motion are waived).  Accordingly, Rangel has abandoned and waived his fraud claim.

### Plaintiff's Libel or Slander Claims Are Also Unsuccessful

The complaint vaguely alleges that defendants defamed, libeled or slandered Rangel.  (Compl., p. 2.)  It seems Plaintiff asserts these actions occurred during communications Rev. Schmidt and Janell had with state agencies in Indiana and Michigan concerning custody issues.  Even assuming, *arguendo*, that such communications were not privileged (and they likely were)[5], they were personal matters and not communications made by Rev. Schmidt within the scope of his employment or for the benefit of The Wesleyan Church

---

[5]Absolute privilege is given to statements made in the course of a judicial proceeding if they are relevant and pertinent to the litigation.  *See Van Eaton v. Fink*, 697 N.E.2d 490, 494 (Ind. Ct. App. 1998).

Corporation.  Therefore, these claims fail against Defendant, The Wesleyan Church Corporation.


<u>CONCLUSION</u>

For the aforementioned reasons, it is **HEREBY ORDERED**: (1) Defendant Wesleyan Church Corporation's Motion for Summary Judgment (DE #326) is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's claims against Defendant, The Wesleyan Church Corporation.  (2) The Wesleyan Church Corporation's Motion to Strike Portions of the Affidavit of Adrian Rangel (DE #343) is **GRANTED** and the Clerk is **ORDERED** to Strike paragraphs 21-33 of Plaintiff's Affidavit submitted as part of his response to the Wesleyan Church Corporation's Motion for Summary Judgment (DE #340, Ex. 1).  (3) The "Motion to Strike 'Exhibit Plaintiff's Representation' (letter) from the Wesleyan Church Corporation's Motion to Strike Portions of the Affidavit of Adrian Rangel" (DE #354) is **DENIED**.  (4) The Wesleyan Church Corporation's Motion to Strike "Clarified Affidavit" of Adrian Rangel (DE #365) is **DENIED**. (5) The Motion for Admissions of Fact (DE #380) is **DENIED**.  (6) The Motion for Contempt of Court Against the Wesleyan Church Corporation (DE #386) is **DENIED**.


**DATED: September 27, 2011**          **/s/ RUDY LOZANO, Judge**
                                       **United States District Court**