```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION
```

ADRIAN GARCIA RANGEL,            )
                                 )
Plaintiff,                       )
                                 )
vs.                              )    CAUSE NO. 2:09-CV-071
                                 )
THOMAS SCHMIDT, *et al.*,        )
                                 )
Defendants.                      )

## OPINION AND ORDER

This matter is before the Court on the (1) Motion for Permission to File Appeal of This Courts Ruling in DE #389 to the Appropriate US Court of Appeals, filed by pro se Plaintiff, Adrian Garcia Rangel, on October 3, 2011 (DE #390); (2) Motion for Permission to Appeal In Forma Pauperis, also filed by pro se Plaintiff, Adrian Garcia Rangel, on October 3, 2011 (DE #390-1); and Motion to Stay Proceedings Pending Outcome of Appeal, also filed by pro se Plaintiff, Adrian Garcia Rangel, on October 3, 2011 (DE #390-2). For the reasons set forth below, the Motion for Permission to File Appeal, construed by the Court as a motion to file an interlocutory appeal (DE #390), is **DENIED**. The Motion to Appeal In Forma Pauperis (DE #390-1) and Motion to Stay Proceedings (DE #390-2) are **DENIED AS MOOT**.

BACKGROUND

Rangel filed the instant motion requesting leave to file an

appeal in the appropriate court of appeals (which is construed by this Court as a request to file an interlocutory appeal), of this Court's opinion and order dated September 27, 2011 (DE #389). That opinion and order ruled upon several related motions, most notably, it granted Defendant Wesleyan Church Corporation's Motion for Summary Judgment. In that order, the Court noted that there is another motion for summary judgment still pending (filed by Defendants, Thomas Schmidt, Denise Schmidt, and The Northern Michigan District of the Wesleyan Church (DE #331)), as well as other motions associated with that motion for summary judgment.

Rangel's argument as to why an interlocutory appeal is appropriate is as follows:

> The Plaintiff feels that this Court in *gross error* has substantially gutted the Plaintiffs argument with broad sweeping unfounded statements such as "no genuine issue to any material fact", "fails to address any facts", "contains no argument whatsoever", "has not put forth any evidence", "has set forth undisputed facts", "the only evidence", "in sharp contrast." All the aforementioned statements by the court in its last opinion reflect to the plaintiff the Courts *exceedingly negative prejudicial* attitude towards the plaintiff. This *exceedingly negative prejudicial* has been argued vociferously throughout the case by the plaintiff in his 10 Motions for Mistrial filed throughout the case.

(DE #390, emphasis in original)

## DISCUSSION

Pursuant to 28 U.S.C. section 1292(b):

> When a district judge, in making in a civil

> action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). An interlocutory appeal is available only when: "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002). Thus, the party seeking an interlocutory appeal must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). In other words, the preferred practice is to defer appellate review until the entry of final judgment. Ultimately, the decision of whether or not to grant an interlocutory appeal lies within the sound discretion of this Court. *Smith v. Ford Motor Co.*, 909 F.Supp. 590, 600 (N.D. Ind. 1995).

In this case, Rangel has failed show that the issues involved in this Court's order dated September 27, 2011 (DE #389) involve a controlling question of law where there is substantial ground for

difference of opinion, or that exceptional circumstances justify departure from this Circuit's general policy, or how an interlocutory appeal would materially advance the litigation. As such, the request for leave to file an interlocutory appeal is **DENIED**. *See Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original) ("Unless *all* the [] criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).") Because this motion is denied, the motion to appeal in forma pauperis and for a stay are both **DENIED** as **MOOT**.



**DATED: October 4, 2011**        **/s/ RUDY LOZANO, Judge**
                                  **United States District Court**