# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ADRIAN GARCIA RANGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:09-CV-71 |
| | ) | |
| THOMAS SCHMIDT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion to Recuse," filed by pro se Plaintiff, Adrian Garcia Rangel, on October 13, 2011 (DE #394). For the reasons stated below, the motion is **DENIED**.

Rangel filed the instant motion to recuse, arguing "this Court has exercised negative prejudice towards him throughout this case" and specifically, that this Court's opinion and order dated September 27, 2011, granting The Wesleyan Church Corporation's motion for summary judgment "smacks of improper influence upon the Court by the Defendant Wesleyan Church Corporation." (DE #394.)

28 U.S.C. section 144 provides that whenever a party files a "timely and sufficient affidavit" that the judge of the party's case has a "personal bias or prejudice," the case shall be assigned to a different judge. 28 U.S.C. § 144. The bias must be personal

rather than judicial, and "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). The affidavit must show a personal bias "and that it stems from an extrajudicial source- some source other than what the judge has learned through the participation in the case." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 541 (1994).

Rangel has not met the statutory requirements. First, Rangel did not file an affidavit. Second, Rangel has not shown that any alleged personal bias stems from an extrajudicial source. This Court's order dated September 27, 2011, does not, in itself, constitute a reason to recuse. Therefore, the Motion to Recuse is **DENIED**.

**DATED: October 17, 2011**  /s/ RUDY LOZANO, Judge
**United States District Court**